UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HEAM SEANGRATH | : |
| | : |
| v. | :     C.A. No. 05-466A |
| | : |
| JO ANNE B. BARNHART, | : |
| Commissioner of the Social Security | : |
| Administration | : |

**MEMORANDUM AND ORDER**

This matter is before the Court on the request of Plaintiff Heam Seangrath ("Plaintiff") for judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") under the Social Security Act ("Act"), 42 U.S.C. § 405(g).  Defendant Jo Anne B. Barnhart ("Defendant") filed a Motion under sentence four of 42 U.S.C. § 405(g) for entry of a judgment reversing her decision and remanding this case for further administrative proceedings.

With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Based upon my review of the record, and the legal memoranda filed by the parties, I conclude that Defendant's Motion should be GRANTED and that the matter be remanded to the Commissioner for further administrative proceedings.

**Facts and Travel**

Plaintiff is a fifty-seven year old woman who immigrated to the United States from Laos in 1988.  Compl. ¶ 5.  Plaintiff has had no education, does not read or write in any language and does not speak English.  Id.  Plaintiff has past relevant work only as a jewelry stringer.  Id.

On July 12, 2002, Plaintiff filed an application for SSI, which was denied initially and on reconsideration. Compl. ¶ 7. Plaintiff then filed a timely request for a hearing before an Administrative Law Judge ("ALJ"), which was subsequently held in Providence, Rhode Island on April 19, 2004. See id. ¶ 8. Plaintiff personally appeared at the hearing. Id. ¶ 6. The ALJ issued an unfavorable decision on October 15, 2004, which Plaintiff appealed to the Appeals Council. See id. ¶¶ 9, 10. According to Plaintiff's Complaint, on October 17, 2005, the Appeals Council sent Plaintiff a letter stating that the ALJ's denial of benefits had been affirmed, thereby rendering the ALJ's decision the final decision of the Commissioner. See id. ¶ 10.

Plaintiff filed a timely Complaint in this Court on November 10, 2005. On September 14, 2006, Defendant's Assented-to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) was filed.

**Discussion**

According to sentence four of Section 205(g) of the Act, "this court has the authority to enter "a judgment...reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Defendant requests that the matter be remanded for rehearing so that the ALJ may reassess the medical source opinions with respect to the severity and functional impact of Plaintiff's mental impairment, reassess the severity of Plaintiff's mental impairment in accordance with 20 C.F.R. § 404.1520a, re-obtain medical expert testimony to address the severity of Plaintiff's mental and physical impairments and to consider whether the combination of Plaintiff's physical and mental impairments meet or equal the criteria of any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1; reassess Plaintiff's

credibility consistent with 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 96-7p; proceed through the sequential evaluation process, reassessing Plaintiff's residual functional capacity consistent with SSR 96-8p by providing rationale with specific reference to evidence of record in support of the assessed limitations; and, if necessary, obtain vocational expert testimony.  This Court agrees that remand to consider such issues is appropriate, and Defendant represents in its Motion that Plaintiff's counsel has assented to such remand.

## Conclusion

For the reasons stated above, Defendant's Motion (Document No. 14) is GRANTED and the matter remanded to the Commissioner for further administrative proceedings as detailed above.  The Clerk shall enter Final Judgment for Plaintiff in accordance with this Reversal and Remand ORDER.


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 15, 2006